**KAZEROUNI LAW GROUP, APC**
Gor Antonyan, Esq. (354718)
gor@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin (253265)
david@kazlg.com
301 E. Bethany Home Road, Suite C-195
Phoenix, Arizona 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Stephen Ellis

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN ELLIS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BREAD FINANCIAL PAYMENTS, INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>(1) **FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *ET SEQ.*;**<br>(2) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, *ET SEQ.*;**<br>(3) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Plaintiff STEPHEN ELLIS ("Plaintiff") brings this action to challenge the illegal actions of defendants BREAD FINANCIAL PAYMENTS, INC. ("Comenity"), EQUIFAX INFORMATION SERVICES LLC ("Equifax"), TRANS UNION LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (together the "Defendants") for violations of: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.; and (2) California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1, *et seq.*

2. This action arises out of Defendants' unlawful conduct with regards to the inaccurate reporting and unreasonable investigation of Plaintiff's disputes regarding Plaintiff's Comenity Caesars Rewards Credit Card Account No. Ending in 3551 ("Account").

3. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.   All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7.   Unless otherwise stated, all the conduct engaged in by Defendants took place in California and within the County of Orange.

8.   Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

11.   This action arises out of Defendants' violations of FCRA and CCCRAA.

12.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p (FCRA); and 28 U.S.C. § 1367 for supplemental state claims which are related to claims in the action within such original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

13.   The violations alleged herein against Plaintiff, at all relevant times herein, occurred in the County of Orange, State of California, where Plaintiff resides.

14.   Because Defendants conduct substantial business directed to and within the State of California (including within the County of Orange), personal jurisdiction is established, and Defendant Experian is headquartered in the State of California.

15.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (1) the acts and transactions occurred within this judicial district; (2) Defendants transact

COMPLAINT FOR DAMAGES

business in this judicial district at all times relevant; and (3) because Defendants are subject to personal jurisdiction in this judicial district.

**PARTIES**

16. Plaintiff is a natural person who, at all relevant times alleged herein, resides in the County of Orange, State of California.

17. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) in that inaccurate representations of Plaintiff's credit worthiness, credit standing, credit history, account balance and credit capacity were made via written, oral, or other communication of information to and by a consumer reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

18. Upon information and belief, Comenity is a financial services company with its headquarters in Columbus, Ohio. Comenity is also a furnisher of information as contemplated by FCRA sections 1681s-2(b).

19. Upon information and belief, Equifax is a limited liability company operating from an address of 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

20. Upon information and belief, Trans Union is a corporation operating from 555 W Adams St., Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

21. Upon information and belief, Experian is a California corporation operating from an address of 475 Anton Blvd., Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

22. Equifax, Trans Union, and Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (Equifax, Trans Union, and

Experian are collectively referred to as "Credit Reporting Agencies" or "CRAs").

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiff is and was an individual residing within the State of California.

24. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California and within this district.

25. Since approximately June 2017, Plaintiff maintained the Account in good standing and never missed a payment.

26. In February 2025, Plaintiff had a balance of $4,819.64 on the Account.

27. On or about February 11, 2025, Plaintiff paid this balance in full, well before the due date of February 20, 2025.

28. The funds for the February 11, 2025, payment were successfully withdrawn from Plaintiff's personal checking account at U.S. Bank.

29. Plaintiff is informed and believes, and thereon alleges, that Defendant Comenity received the payment shortly thereafter.

30. Despite the timely and successful payment, Defendant Comenity failed to properly credit the payment to Plaintiff's Account.

31. Instead, Comenity began to assess late fees, penalties, and interest on the Account, under the incorrect assumption that Plaintiff had failed to make the February 2025 payment on time.

32. In an effort to prevent any damage to Plaintiff's creditworthiness, Plaintiff made an additional payment on or about February 25, 2025, again paying off the entire account balance except the inaccurately assessed late fees and penalties.

33. On information and belief, Comenity continued to report the Account as delinquent and to assess fees and interest based on the inaccurately recorded payment history.

34. In addition, Comenity repeatedly placed collection calls to Plaintiff's cellphone in an attempt to collect the inaccurately assessed late fees and penalties.

35. Plaintiff did not pay the late fees or interest charges because Plaintiff had not submitted any late payment. The erroneous charges and account status resulted solely from Comenity's failure to properly apply Plaintiff's original February 11, 2025 payment.

36. Sometime thereafter, Plaintiff obtained his credit reports from Experian, Equifax, and TransUnion and was alarmed to discover that Equifax, Experian and TransUnion reported the Account as 30 days past due as of June 2025 with a balance of $303.00.

37. Plaintiff was shocked by this reporting because Plaintiff had timely paid the February 2025 balance in full. Plaintiff did not owe, and has never owed, a past-due balance on the Account as reported.

38. Following discovery of the inaccurate reporting, Plaintiff repeatedly contacted Comenity by telephone and in writing to explain that its reporting was false, and that the February 11, 2025 payment had been timely made.

39. Despite Plaintiff's repeated communications, no Comenity employee corrected the inaccurate reporting. Instead, Plaintiff was directed to continue submitting correspondence by mail, which Plaintiff did, but without any corrective action by Comenity.

40. Plaintiff also submitted documentary proof to Comenity, including a screenshot of the completed transaction from Plaintiff's U.S. Bank checking account demonstrating that the February 11, 2025 payment was made.

41. Plaintiff further provided the remittance details from U.S. Bank, which confirmed that U.S. Bank transmitted the February 11, 2025 payment to Comenity and that Comenity should have received the payment within two business days.

COMPLAINT FOR DAMAGES

42. Seeing no help from Comenity, Plaintiff turned to the CRAs in an effort to correct the inaccurate credit reporting and mitigate further harm.

43. On or about July 18, 2025, Plaintiff sent written dispute letters, via certified mail to Equifax, TransUnion, and Experian, explaining, in detail, the inaccuracy in his credit reporting and requesting correction of the information.

44. The July 18, 2025 disputes included: (a) Plaintiff's January-February 2025 Account Statement; (b) February-March 2025 Account Statement; (c) March-April 2025 Account Statement; (d) April-May 2025 Account Statement; (e) May-June 2025 Account Statement; (f) June-July 2025 Account Statement; (g) Plaintiff's Social Security Card; (h) Plaintiff's California driver's license; (i) a screenshot of the completed transaction from Plaintiff's U.S. Bank checking account demonstrating that the February 11, 2025 payment was made; and (j) the remittance details from U.S. Bank, which confirmed that U.S. Bank transmitted the February 11, 2025 payment to Comenity and that Comenity should have received the payment within two business days.

45. These disputes also contained Plaintiff's personal information, including his date of birth, telephone number, residential address, and social security number.

46. Equifax received a copy of Plaintiff's July 18, 2025 written dispute on July 21, 2025.

47. Trans Union received a copy of Plaintiff's July 18, 2025 written dispute on July 21, 2025.

48. Experian received a copy of Plaintiff's July 18, 2025 written dispute on July 21, 2025.

49. Equifax responded to Plaintiff's dispute by verifying Comenity's reporting as accurate, despite the documentary evidence and narrative provided by Plaintiff.

50. Trans Union likewise responded to Plaintiff's dispute by verifying Comenity's reporting as accurate, despite the documentary evidence and narrative provided by Plaintiff.

51. Experian similarly responded to Plaintiff's dispute by verifying Comenity's reporting as accurate, despite the documentary evidence and narrative provided by Plaintiff.

52. Plaintiff is informed and believes, and thereon alleges, that the CRAs did not review any of the supporting documents provided by Plaintiff and instead relied solely on Comenity's automated response that the account was being reported accurately.

53. Plaintiff is informed and believes that none of the CRAs' employees reviewed the documentation he submitted, and no good-faith effort was made to evaluate the dispute beyond relying on the furnisher's bare assertion of accuracy.

54. Upon information and belief, as of the date of this Complaint, the Account is still being reported to Plaintiff's Experian, Equifax, and Trans Union credit reports as 30 days past due as of June 2025.

55. This reporting continues to be inaccurate and misleading since Plaintiff timely paid the February 2025 balance in full, and Plaintiff has never owed a past-due balance on the Account.

56. As the data furnisher for Plaintiff's accounts, Comenity has control over the status of Plaintiff's account, including suppression and modification of the Account at issue, yet, upon information and belief, it has failed to do so as the Account is still being inaccurately reported to Plaintiff's credit reports as past due.

57. Similarly, CRAs have a duty to reasonably investigate Plaintiff's written disputes, which was clearly not done here.

58. If any of the CRAs reviewed Plaintiff's supporting documentation, they would easily be able to determine that Plaintiff made a timely payment of the full Account balance on February 11, 2025, that the funds were successfully withdrawn from Plaintiff's U.S. Bank account, and that Plaintiff never owed a past-due balance on the Account.

59. The harm caused by Defendants is continuing through the present day. Indeed, Plaintiff still has feelings of embarrassment, shame and hopeless that he might never get this situation resolved–especially since the Account is still reporting as past due on Plaintiff's credit reports.

60. On information and belief, Comenity has not taken affirmative steps to modify the reporting of the Account to Plaintiff's credit reports.

61. Through this conduct, Comenity has violated Cal. Civ. Code 1785.25(a) by furnishing information to consumer reporting agencies that Comenity knew or should have known was inaccurate.

62. Upon information and belief, Comenity submitted inaccurate credit information regarding Plaintiff to CRAs every thirty days during the period of, at least, June 2025 through the present.

63. Accordingly, Comenity willfully and negligently failed to comply with its duties to reasonably investigate Plaintiff's disputes and to update the reporting of the Account to Experian, Equifax, and Trans Union.

64. Comenity's inaccurate and negative reporting damaged Plaintiff's creditworthiness and has affected Plaintiff negatively due to the misleading nature of Comenity's inaccurate credit reporting regarding the inaccurate delinquencies.

65. As a result of the actions alleged herein, the CRAs also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

66. Plaintiff's continued efforts to correct Comenity's erroneous and negative reporting by communicating Plaintiff's disputes with the CRAs were fruitless.

67. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit reports in light of Defendants' knowledge of the actual error was willful.

COMPLAINT FOR DAMAGES

68. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit reports in light of Defendants' knowledge of the actual error was reckless.

69. Defendants' failure to correct the inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

70. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

71. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

72. Defendants' conduct alleged herein has also caused Plaintiff emotional distress that continues until the present day as the Comenity Account continues to be reported to Plaintiff's credit reports as past due.

73. Plaintiff has spent countless hours disputing this inaccurate information without success.

74. Plaintiff's anxiety, frustration, stress, lack of sleep, nervousness, anger, and embarrassment continues to this day because the inaccurate reporting of the Account mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score that is otherwise in good standing despite the delinquencies at issue.

75. Despite Plaintiff's repeated attempts, Comenity continued to inaccurately report the Account to Plaintiff's Experian, Equifax, and Trans Union credit reports.

76. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of the possibility of credit denials.

COMPLAINT FOR DAMAGES

77. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

78. Plaintiff also has refrained from utilizing his credit for fear of future denials.

79. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

80. By intentionally reporting inaccurate information, Defendants acted in conscious disregard for Plaintiff's rights.

81. Since Plaintiff's efforts to correct his credit report were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

### ACTUAL DAMAGES

82. As a result of Defendants' actions, omissions, and willful action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

83. Plaintiff has suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage, court costs and attorneys' fees, and costs of mailing the disputes.

84. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation.

85. Furthermore, the Legislature enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. The banking system is dependent upon fair and accurate credit reporting; and inaccurate credit reports

directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

86. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

87. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had the Legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681E(B)**
**[AS TO EXPERIAN, EQUIFAX, AND TRANS UNION]**

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit file they published and maintained concerning the Plaintiff.

90. As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

91. The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were at a minimum negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

92. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(1)
### [AS TO EXPERIAN, EQUIFAX, AND TRANS UNION]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. Defendants violated 15 U.S.C. §1681i(a)(l) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

95. As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

96. The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

97. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT III

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681I(A)(4)**
**[AS TO EXPERIAN, EQUIFAX, AND TRANS UNION]**

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

99. Defendants violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

100. As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

101. The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

102. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT IV**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681I(A)(5)(A)**
**[AS TO EXPERIAN, EQUIFAX, AND TRANS UNION]**

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104. Defendants violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly modify the disputed inaccurate item of information on Plaintiff's credit file upon an accurate reinvestigation.

105. As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages including without limitation, by example only and as described

herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

106. The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

107. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT V
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(B)(1)(A)
### [AS TO COMENITY]

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109. Comenity was required to conduct a reasonable investigation into the disputed account on Plaintiff's consumer reports pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

110. Comenity violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or request the item to be permanently deleted Plaintiff's credit reports.

111. Accordingly, Comenity failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s- 2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

112. As a result of the conduct, actions and inactions of Comenity, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

113. The conduct, actions and inactions by Comenity were willful, rendering Comenity liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Comenity was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

114. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT VI
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.SC. § 1681s-2(B)(1)(B)
### [AS TO COMENITY]

115. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116. Comenity violated 15 U.S.C. § 1681s-2(b)(1)(B) on multiple occasions by failing to review all relevant information provided by Plaintiff in her disputes to the CRAs.

117. As a result of the conduct, actions and inactions of Comenity, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

118. The conduct, actions and inactions by Comenity were willful, rendering Comenity liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

119. In the alternative, Comenity was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

120. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT VII

COMPLAINT FOR DAMAGES

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.SC. § 1681S-2(B)(1)(C)-(E)**
**[AS TO COMENITY]**

121. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

122. Due to Comenity's failure to reasonably investigate, Comenity further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

123. By inaccurately reporting account information after notice and confirmation of its errors, Comenity failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

124. The conduct, actions and inactions by Comenity were willful, rendering Comenity liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

125. In the alternative, Comenity was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

126. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT VIII**
**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES**
**ACT CAL. CIV. CODE § 1785.1, *ET SEQ.***
**[AS TO COMENITY]**

127. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

128. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

129. In the regular course of its business operations, Comenity routinely furnishes information to credit reporting agencies pertaining to transactions between Comenity and Comenity's consumers, thereby providing information to the credit reporting agencies regarding a consumer's credit worthiness, credit standing and credit capacity.

130. Because Comenity is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Comenity is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

131. Comenity should have determined that its reporting was inaccurate through review of Comenity's own account notes and records. This is especially true since Plaintiff provided multiple electronic and written disputes attesting to the inaccuracy of the alleged delinquencies.

132. However, despite this knowledge of Plaintiff's claims and that the account was never late, Comenity continued to report the inaccurate Comenity Account information to Plaintiff's Experian, Equifax, and Trans Union credit reports.

133. As a result of the willful, negligent, and/or reckless actions and inactions of Comenity, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

### COUNT IX
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, *ET SEQ.*
### [AS TO COMENITY]

134. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

135. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

136. Defendant Comenity engaged in debt collection activity concerning the fraudulent Account through at least September of 2025.

137. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code §1788.30(a); statutory damages for knowing or willful violation in the amount of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30, from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

### FIRST CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT,
### 15 U.S.C. §§ 1681, *ET SEQ.*
### [AS TO COMENITY, EXPERIAN, EQUIFAX, AND TRANS UNION]

• An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against each Defendant for each incident of willful noncompliance of the FCRA;

• An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

• Statutory damages;

• Punitive damages according to proof as to the FCRA, including, an award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n and/or § 1681o, against each Defendant for each incident of willful noncompliance to the FCRA;

• Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;

1  • An order directing that Defendants immediately delete all of the inaccurate
2     information from Plaintiff's credit reports and files and cease reporting the
3     inaccurate information to any and all persons and entities to whom they report
4     consumer credit information;

5  • An order directing that Defendants send to all persons and entities to whom they
6     have reported Plaintiff's inaccurate information within the last three years
7     Plaintiff's updated and corrected credit report information; and,

8  • Any and all other relief the Court deems just and proper.

### SECOND CAUSE OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,
### CAL. CIV. CODE § 1785.1, *ET SEQ.*
### [AS TO COMENITY]

• Actual damages, including court costs, loss of wages, and pain and suffering
   pursuant to Cal. Civ. Code § 1785.31(a);

• Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(a)(1);
   and, Cal. Civ. Code § 1785.31(d);

• Punitive damages according to proof as to the CCCRAA, including an award of
   punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code §
   1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

• Equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

• An order directing that Defendant immediately delete all of the inaccurate
   information from Plaintiff's credit reports and files and cease reporting the
   inaccurate information to any and all persons and entities to whom they report
   consumer credit information;

• An order directing that Defendant send to all persons and entities to whom they
   have reported Plaintiff's inaccurate information within the last three years
   Plaintiff's updated and corrected credit report information; and

• Any and all other relief the Court deems just and proper.

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**
**CAL. CIV. CODE § 1788, *ET SEQ.***
**[AS TO COMENITY]**

• An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant;

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) against Defendant;

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) against Defendant; and

• Any and all other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 8, 2025                    Respectfully submitted,

                                   **KAZEROUNI LAW GROUP, APC**

                                   By: _/s/ David J. McGlothlin__
                                   David J. McGlothlin, Esq.
                                   Gor Antonyan, Esq.
                                   *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES